In the Matter of the Judicial Settlement of the Account of
WALTER S. EDELMEYER, as Executor of and Trustee under
the Last Will and Testament of JOHN H. EDELMEYER, De-
ceased.

(First Department, July 10, 1913.)

EXECUTOR AND ADMINISTRATOR—REFERENCE UPON AN ACCOUNTING—
EVIDENCE—SURCHARGE AGAINST EXECUTOR—WHEN SURCHARGE
SHOULD BE CHARGED BACK AGAINST HEIRS—EXPENSES OF REFERENCE
—COMMISSIONS AND COSTS OF EXECUTOR—DECREE MODIFIED.

Some twenty objections having been filed upon an accounting by
an executor, the matter was sent to a referee at a large expense
in fees, and as the result of which only three items of surcharge
upon the debit side of the account were sustained. The referee de-
ducted from the credit side of the account items aggregating $3,314.-
78, of which $2,093.80 was the amount of a credit erroneously ap-
pearing upon both the executor's and trustee's accounting; $250
was a fee paid his attorneys after the period covered by his account;
$660.98 was for a discrepancy in coal bills. The executor appeals
from the three items surcharged.

Evidence examined, and *held*, that the first and second surcharges
for the value of a horse and for the difference between the total
amount of decedent's deposit and the portion thereof which the ex-
ecutor claimed to be the property of the decedent was erroneous
and should be set aside;

That the surcharge for rent which should have been collected
for premises which had been occupied by certain of the heirs under
an agreement between them whereby they released the executor
·from liability arising thereunder, was proper, but the amount
thereof should be charged back against the heirs who assumed to
use the premises and release the executor from liability;

That the decree appealed from should be modified by striking out
the first two surcharges, by charging the expenses of the reference
and the costs of the executor to the estate, by striking out the
provision that the executor has grossly mismanaged the estate, and
by allowing him his commissions and costs upon the accounting.

APPEAL by Walter S. Edelmeyer, individually and as exec-
utor and trustee, etc., from certain specified parts of a decree

of the Surrogate's Court of the county of New York, entered in the office of the clerk of said court on the 22d day of October, 1912, settling his accounts.

William J. Martin, for the appellant.

Thomas W. Churchill, for the respondent.

DOWLING, J.—John H. Edelmeyer died August 21, 1907, leaving his entire estate to his executors, in trust to pay the income therefrom to his widow, Emily C., for life, and upon her death to divide the principal of the trust fund equally among the surviving children and the issue of deceased children, who were to take *per stirpes* and not *per capita*. Walter S. Edelmeyer, one of the sons, alone qualified as executor, the executrix named in the will having renounced. The widow died March 10, 1910. The executor was cited to render his account, which he did pursuant to order of the Surrogate's Court. Some twenty objections having been filed thereto, the matter was sent to a referee. Eleven months have elapsed between the commencement and the closing of taking testimony, at a large expense in fees, as the result of which only three items of surcharge upon the debit side of the account were sustained. From these the present appeal is taken. From the credit side of his account were deducted by the referee items aggregating $3,314.-78, of which $2,093.80 was the amount of a credit erroneously appearing upon both the executor's and trustee's accounting; $250 was a fee paid his attorneys after the period covered by his account; $660.98 was for a discrepancy in coal bills, and $310 represented errors in charges as between the two accounts and discrepancies between vouchers and credits.

The first surcharge questionel by this appeal is for the value of a horse called "Prince." The executor was improperly charged therewith. His testimony as to the ownership of the

horse was the sole evidence thereupon. The referee relies upon one line of evidence, " John H. Edelmeyer bought him," which is separated from the preceding and following testimony which affimatively shows that the horse belonged to Edelmeyer and the Morgan Hod Elevator Company, a corporation, that it was bought for them, worked in their business, and had always been their property. This was directly sworn to by the executor, who had full knowledge of the details of his father's business as well as that of the corporation. This surcharge was erroneous and should be set aside.

The second surcharge is the difference between the total amount of the decedent's deposit in the Corn Exchange Bank, $1,271.58, and the sum of $591.66 thereof which the executor claimed to be the property of the decedent. It appears without dispute that decedent mingled in this account his own funds with those of the corporation and the executor enumerated the items of deposit which he swore positively belonged to the corporation, giving the sources thereof. This evidence was in no way attacked, and the surchage was, therefore, improper. The third surcharge is for rent which should have been collected for the premises 226 West Seventy-first street, which had been occupied by certain of the heirs under an agreement between them whereby they released the executor from liability arising thereunder. This surcharge was proper, but the executor is entitled to credit against same, for the same amount, to be divided equally between the heirs who occupied the premises, release the executor from all liability for rent thereunder, and sign the agreement which is in evidence herein.

The respondent's reply to this is that the charge over should be made in a subsequent accounting; but the agreement is in evidence, the facts are undisputed, and if the executor is to be charged for not collecting the rents, it should be charged back against those who assumed to use the house and release him from liability for their action and his inaction. It thus appears

that the executor is not surcharged with any receipts whatever, and his surcharge of disbursements is $3,300, out of an estate of $87,000. Of this, as before stated, $2,093 is a mere book-keeping entry and $250 is for payment of legal services made after the accounting had been filed. The executor has not been proved guilty of such fraud or misconduct as justified the impostion of the costs of the reference on him personally, or the loss of his commissions. While his system of keeping his vouchers was confusing and unbusinesslike, it does not appear that he was endeavoring to perpetrate any fraud on the estate or that his mistakes were deliberate. Nor does it clearly appear that he was responsible for the long drawn out reference or its excessive expense. The decree appealed from will be modified by striking out the surcharges of the horse " Prince " and of the difference in the bank deposit; by charging the expenses of the reference and the costs of the respondent to the estate and not to the executor personally; by striking out the provision that the executor and trustee " has grossly mismanaged the estate, in effect converting a part of the estate to his own use, keeping improper accounts and subjecting the parties interested to great difficulty and expense to unravel them, and that the proceedings herein have been prolonged and delayed through the neglect of the executor and his counsel in charge of these proceedings," and by allowing the executor his commissions and costs upon the accounting.

As so modified it will be affirmed, with costs to both parties payable out of the estate.

INGRAHAM, P. J., McLAUGHLIN, CLARKE and HOTCHKISS, JJ., concurred.

Decree modified as directed in opinion, and as so modified affirmed, with costs to both parties payable out of the estate. Order to be settled on notice.